UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CR-00252 SEP |
| MARTIN D.I. MITCHELL, | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant MARTIN D.I. MITCHELL, represented by defense counsel Lucy Liggett, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I of the charge, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production, Receipt and Possession of Child Pornography between approximately July 2019 and March 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to recommend to the Court that the defendant be sentenced to a term of imprisonment of 200 months. The parties understand and agree that the Court is not a party nor bound to follow this recommendation. Further, should the Court not follow this recommendation and sentence the defendant to a higher sentence, the parties agree that will not serve as a basis for the defendant to withdraw the plea of guilty.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) defendant actually transported the visual depiction in interstate commerce.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1. The defendant is a resident of Macon County, within the Eastern District of Missouri.

2. Sometime before July 18, 2019, the defendant created a Snapchat account wherein he purported to be a female. Using this Snapchat account and his Apple iPhone, the defendant began communicating with Victim 1, who is a minor male known personally by the defendant. At the time of these communications, Victim 1 was 15 years old and the defendant was 20 years old.

On July 18, 2019, using the Snapchat account and his Apple iPhone, the defendant persuaded and enticed Victim 1 to take a video of himself masturbating and send the video to defendant via Snapchat message. This graphic video file, which was recorded in a bathroom located in the Eastern District of Missouri, was later discovered on the defendant's Apple iPhone.

3. Sometime before February 1, 2020, the defendant created a different Snapchat account wherein he purported to be a different female. Specifically, the defendant purported to be a female who is known to both the defendant and Victim 1. Using this Snapchat account and his Apple iPhone, the defendant began communicating with Victim 1 on February 1, 2020. At the time of these communications, Victim 1 was 16 years old and the defendant was 20 years old. In these communications, the defendant sent several sexually explicit videos to Victim 1 to entice and persuade Victim 1 to send sexually explicit images of himself in return. Victim 1 sent several images of his penis to defendant through Snapchat message. In response, the defendant told Victim 1 that he had "screenshot" the images and demanded payment of $500 from Victim 1 to prevent the images from being sent to others.

4. Sometime before March 13, 2020, the defendant created a different Snapchat account wherein he purported to be a different female. Using this Snapchat account and his Apple iPhone, the defendant began communicating with an adult male known personally to the defendant on March 13, 2020. In these communications, the defendant attempted to obtain sexually explicit images from the adult male. The adult male discovered the identity of the defendant and told the defendant that he would report him and his fake Snapchat accounts to the police. In response, the defendant offered the male $1,000 to not tell anyone about his fake Snapchat accounts.

5. On May 5, 2020, law enforcement obtained and executed a valid Macon County search warrant for the defendant's Apple iPhone and a computer.

6. On May 5, 2020, the defendant was interviewed by law enforcement. During this interview, the defendant admitted that he had created several fake Snapchat accounts because he was bored. The defendant further admitted that he had contacted Victim 1 using these Snapchat accounts and that he had received messages containing sexually explicit images from Victim 1.

7. The defendant's Apple iPhone was forensically examined and found to contain thousands of sexually explicit images and videos, including those that appear to be screenshots of Snapchat communications with numerous accounts.

8. The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

9. In summary, the defendant admits that, between on or about July 1, 2019, and on or about May 5, 2020, the defendant knowingly employed, used, persuaded, induced and enticed Victim 1, a minor male, to engage in sexually explicit conduct, including, but not limited to, by having Victim 1 take pictures and videos of Victim 1's penis and having Victim 1 send such pictures and videos to the defendant via Snapchat, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct, and such depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce, to wit, via an Apple iPhone, Snapchat, and the Internet.

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more

than **life** and not less than five years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

$50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
  i.   18 U.S.C. § 2251(a) through (c) (production of child pornography);
  ii.  18 U.S.C. § 2251A (selling or buying of children);
  iii. 18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);
  iv.  18 U.S.C. § 2260(a); or
  v.   any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

6.  **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

   a.  **Chapter 2 Offense Conduct:**

   (1) **Base Offense Level:** The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

5

(2) **Chapter 2 Specific Offense Characteristics:** The parties agree that **two (2)** levels should be added pursuant to Section 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.

b. **Repeat and Dangerous Sex Offender Against Minors**: The parties recommend that **five (5)** levels should be added pursuant to Section 4B1.5(b)(1) because "defendant's instant offense of conviction is a covered crime ... and the defendant engaged in a pattern of activity involving prohibited sexual conduct..." First, defendant's instant offenses of conviction (Production of Child Pornography) is a covered crime because it was "perpetrated against a minor [Victim 1], under ... chapter 110" of title 18, United States Code. Second, the defendant engaged in a "pattern of sexual activity involving prohibited sexual conduct" because "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." Therefore, the offense level, after the application of Section 4B1.5(b)(a), is **thirty-nine (39)**.

d. **Other Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

6

(2) **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **thirty-six (36)**.

d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

7

(2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to a term of imprisonment of 200 months or less, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant to a term of imprisonment of 200 months or more.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the

9

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

>   (3)   Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e.   **Possibility of Detention:**   The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f.   **Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count if conviction is $3,000 for crimes occurring on and after December 7, 2018.

  **g.**  **Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, including, but not limited to: one Apple iPhone, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**  **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

  The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

2/28/2022
Date

_____
KYLE T. BATEMAN
Assistant United States Attorney

X 2/25/22
Date

X _____
MARTIN D.I. MITCHELL
Defendant

2/25/22
Date

_____
LUCY LIGGETT
Attorney for Defendant  #34589 MO

14